UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHARLES R. CIANCIOLA,

          Petitioner,

v.                                     Case No. 05-CV-1264

JEFFREY ENDICOTT,

          Respondent.

## ORDER GRANTING CERTIFICATE OF APPEALABILITY

Charles R. Cianciola ("Cianciola") is a person incarcerated pursuant to a state court judgment. On December 7, 2005, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.) The parties consented to the full jurisdiction of a magistrate judge, and on February 11, 2009, this court denied Cianciola's petition. Judgment was entered accordingly. On March 10, 2009, Cianciola filed a notice of appeal. (Docket No. 26.) The following day, Cianciola filed a request for a certificate of appealability. (Docket No. 31.)

Before a person incarcerated pursuant to a state court judgment may appeal the decision of a district court regarding a petition for a writ of habeas corpus, the petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

> [A] habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a

>different manner or that the issues presented were adequate to deserve encouragement to proceed further.

Id. at 583-84 (internal citations and quotation marks deleted).

Cianciola seeks a certificate of appealability with respect to a single issue raised in his petition, specifically, Cianciola's claim that his trial counsel was ineffective when he failed to call an expert witness or more-thoroughly cross-examined the government's expert witness. This court determined that Cianciola's trial counsel's performance in this respect was unreasonable but that Cianciola was not prejudiced and further, even if he was prejudiced, the state court's decision was not plainly contrary to or involved an unreasonable application of the Strickland precedent.

Notwithstanding this court's conclusion that Cianciola is not entitled to relief on this claim, the court concludes that Cianciola has made a substantial showing of the denial of a constitutional right and deserves encouragement to proceed further. Therefore, the court hereby **grants** Cianciola's request for a certificate of appealability with respect to his claim he was denied his Sixth Amendment right to effective assistance of counsel when his trial counsel failed to call an expert witness or more-thoroughly cross-examine the government's expert witness.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 2nd day of April, 2009.

s/AARON E. GOODSTEIN<br>U.S. Magistrate Judge